[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage brought to the Waterbury Superior Court.
Having heard the evidence and testimony and having taken into consideration the provisions of Sections 46b-81, 46b-82, and 46b-84, Connecticut General Statutes, the court makes the following findings and orders:
The parties were married at Waterbury on June 14, 1986. The court has the requisite jurisdiction to proceed to judgment in this matter.
The marriage of the parties has broken down irretrievably without possibility of reconciliation.
There are two minor children born issue of the marriage, Tiffanie, born January 15, 1991 and Christopher, born March 20, 1995.
The plaintiff voluntarily removed himself from the marital CT Page 353 residence in March, 1996 and moved in with his girlfriend who he had known for approximately one month. She was married at the time and has since given birth to a child of the plaintiff.
The plaintiff testified that he was in good health until he injured his knee on May 9, 1997, three weeks before this trial, while working as a garbage man for the City of Waterbury.
He had prior injuries in Spring and Fall of 1996, but maintained two jobs during that period. He offered no expert testimony regarding what he described as torn ligament or cartilage or nerve damage to his right knee.
Prior to the knee injury, the plaintiff was employed on a full time basis by the City of Waterbury Park and Recreation Department and had an average weekly income of approximately $546.00 according to his May 30, 1997 financial affidavit.
At the time of trial he was receiving approximately $335.00 per week by way of workers' compensation benefits.
He was unsure when he would be able to return to work on a regular basis. There was no expert testimony concerning his inability to return to work or to perform his normal duties.
In addition to his employment with the City of Waterbury, the plaintiff maintained a number of other jobs during the marriage.
As a certified nursing assistant (CNA) the plaintiff worked at Cook Willow Health Center in Plymouth on a part time basis. He also worked as a nurse's aid for Nurse Care Inc. In addition, at various times during the marriage he worked as a "closer" at Burger King, McDonald's and Pizza Hut and was employed by Speedy Pizza as a shift runner. Historically, he has maintained more than one job at a time during the marriage.
The defendant-wife is 31 years old and is in good health.
She was employed in various jobs before and during the marriage, the last being with auto emissions as a customer service representative.
She stopped working when the parties' first child was born and worked only briefly before the second was born. At the CT Page 354 insistence of the plaintiff, she then remained out of the work force and cared for the children on a full time basis at home.
Effective July 1, 1996, the plaintiff was ordered to pay to the defendant alimony and support in the amount of $335.00 per week. He has remained current in that obligation.
Between September 1996 and the time of trial, the plaintiff paid down approximately $4,000.00 on debts listed on his financial affidavits. He purchased a 1995 Honda motorcycle and got rid of his twelve year old Cadillac for a 1990 Chevrolet van worth $4,000.00.
In addition, he is paying rent in the amount of $550.00 per month for the apartment where he lives with his girlfriend, their child and her two children. He also pays the monthly utilities which average at least $34.00 per week.
His girlfriend is receiving welfare assistance.
The court finds that the plaintiff has maintained the earning capacity which was the basis for the pendente lite support and alimony awards.
The plaintiff testified that this is not the first time he left his wife and children for another woman. In 1993 and again in 1996 he left his family, moved in with another woman, one of whom he had know for a month or less, and on each occasion he commenced an action for dissolution of his marriage to this defendant. Both of those actions were withdrawn and he returned to his family. When asked if he had a relationship with another woman he conceded that he had and that the name proposed by defendant's attorney "rings a bell." When asked if he had relationships with as many as six women during the marriage his response was "could be."
The court finds that such conduct by the plaintiff was the primary cause for the breakdown of the marriage.
ORDERS
The court hereby enters the following orders:
A. The marriage of the parties is hereby dissolved on the grounds of irretrievable breakdown and each of the parties is CT Page 355 declared to be single and unmarried.
B. The court enters the following orders by way of alimony:
1. The plaintiff is ordered to pay to the defendant periodic alimony in the amount of $125.00 per week. Said alimony obligation shall terminate upon the earliest of the following events:
a. the death of the plaintiff;
b. the death of the defendant;
c. the remarriage of the defendant;
d. January 9, 2008.
The provisions of Sec. 46b-86, C.G.S., are applicable. Alimony shall be paid for a period of 10 years from the date of this judgment and is non-modifiable as to its term except as specified hereinabove. It shall be modifiable as to its amount. Pursuant to Sec. 46b-82, C.G.S., the court, by way of security for the payment of alimony, grants the defendant a lien on the plaintiff's City of Waterbury pension plan.
B. By way of custody and visitation the court enters the following orders:
1. The court awards sole legal custody of the two minor children to the defendant-mother.
2. The plaintiff shall have the following visitation with the said minor children:
a. Wednesdays from 5:00 p. m. to 7:30 p. m.;
b. Every other Saturday (or Sunday if the parties so agree) from noon until 6:00 p. m.;
c. Plaintiff shall provide notice of his intention not to visit at least 24 hours in advance excepting emergencies.
3. The plaintiff is ordered to pay support in the amount of $200.00 per week to the defendant for the benefit of the minor CT Page 356 children.
4. The plaintiff shall maintain health insurance for the benefit of the minor children as it is available to him through his employer. Any uninsured or unreimbursed necessary medical or dental (not including orthodontic) expenses incurred for the benefit of the minor children shall be shared equally by the plaintiff and defendant.
C. The court enters the following orders by way of assignment of property:
1. The plaintiff is ordered to convey to the defendant all of his right, title and interest and to the marital residence located at 35 Hewey Street Waterbury, Connecticut. The defendant shall assume responsibility for and hold the plaintiff harmless from any and all debts arising from the ownership and maintenance of said premises.
2. The defendant shall retain all of the furniture, furnishings and personal property in said residence with the exception of the following items:
a. the plaintiff's clothes and personal possessions;
b. ten speed bike and plaintiff's sports equipment;
c. electric air pump;
d. Dunkin' Donuts thermos and stainless steel thermos;
e. twenty-two ounce coffee mugs;
f. tach meter.
3. Each party shall be solely responsible for the liabilities listed on their respective financial affidavits dated May 30, 1997, and shall hold the other harmless relative thereto.
4. The plaintiff shall convey to the defendant by Qualified Domestic Relations Order fifty (50%) per cent interest in his City of Waterbury pension plan. Said QDRO is to be prepared by counsel for the defendant and submitted to the court for execution. CT Page 357
5. The plaintiff shall pay to the defendant fifty (50%) percent of all longevity checks he may receive from the City of Waterbury until the parties' younger child reached the age of majority.
D. By way of additional orders:
1. Each party shall be entitled to claim one child for purposes of federal tax dependency exemption; the defendant may claim the younger child.
2. The plaintiff shall pay to the defendant the sum of $3,500.00 toward her counsel fees. Said payment shall be made within 180 days of this judgment.
3. The defendant is hereby restored to her birth name of Faye DeLorenzo.
By The Court,
/s/ Joseph W. Doherty Joseph W. Doherty, Judge